UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PROVENCHER, ET AL. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 3:00 CV 2358 (CFD) |
| V. | : | |
| | : | |
| PFIZER, INC., | : | |
| Defendant. | : | DECEMBER 30, 2003 |

## STIPULATED DISCOVERY ORDER

Having conferred with the Court concerning pending discovery motions in the above captioned matter, the parties hereby stipulate as follows:

1.      On or before January 16, 2003, defendant Pfizer, Inc shall deliver to plaintiffs complete answers to interrogatories number 1,5,6,7, and 8 and complete production with respect to production requests number 1, 7 and 8 from plaintiffs' August 22, 2001 discovery request, with the following exceptions:

   a.      with respect to interrogatory number 6, Pfizer shall answer concerning the Employee Separation memorandum dated January 1, 1992 and bates-labelled 2414-2416;

   b.      with respect to interrogatory number 8, Pfizer shall answer only with respect to severance incentives beginning in 1995 through and including 2000, and shall provide information concerning (a) why certain departments were included in each severance incentive; (b) why eligibility may have been limited to certain employees in those departments; and (c) the benefits available under each severance incentive program offered;

   c.      with respect to production request number 1, Pfizer shall produce any contemporaneously-produced executive-level summaries concerning capacity planning.

The parties shall confer in good faith concerning whether production of additional documents is needed and warranted before plaintiffs return to the Court with any further motion to compel.

Where full compliance is claimed regarding any interrogatory or production request without additional response, counsel for Pfizer shall confirm that supplementation is complete to the best of his knowledge, information, and belief.

2. On or before January 16, 2003, defendant Pfizer, Inc shall deliver to plaintiffs complete answers to all interrogatories and all requests for production contained in plaintiffs' January 24, 2003 second discovery request, with the following exceptions:

a. with respect to production request number 1, Pfizer shall produce any contemporaneously-produced executive-level summaries of Staffing Budgets for the Groton Plant and each of its subdivisions. The parties shall confer in good faith concerning whether production of additional documents is needed and warranted before plaintiffs return to the Court with any further motion to compel;

b. with respect to production request number 2, personnel files produced need only include information from 1990 to date.

Where full compliance is claimed regarding any interrogatory or production request without additional response, counsel for Pfizer shall confirm that supplementation is complete to the best of his knowledge, information, and belief.

3. On or before January 16, 2003, defendant Pfizer, Inc shall deliver to plaintiffs complete answers to all interrogatories and all requests for production contained in plaintiffs' June 25, 2003 discovery request regarding Amended Complaint, Count Two.

Where full compliance is claimed regarding any interrogatory or production request without additional response, counsel for Pfizer shall confirm that supplementation is complete to the best of his knowledge, information, and belief.

THE PLAINTIFFS

By _____
Thomas G. Moukawsher (ct08940)
Moukawsher & Walsh, LLC
328 Mitchell Street, Box 966
Groton, CT  06340
(860) 445-1809

THE DEFENDANT

By _____
Douglas J. Varga (ct18885)
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Post Office Box 1740
Bridgeport, CT 06601-1740
(203) 333-9441

SO ORDERED:

_____        Dated:_____
William I. Garfinkel
U.S. Magistrate Judge

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

>Douglas Varga
>Zeldes, Needle & Cooper
>1000 Lafayette Boulevard
>Post Office Box 1740
>Bridgeport, CT 06601-1740

Dated this 6th day of January, 2004.

_____
Thomas G. Moukawsher

4