UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PROVENCHER, | : | Civil Action |
| RICHARD HALL, WILLIAM GARBATI, | : | |
| WILLIAM HAYDEN, GEORGE | : | No. 3:00 CV 2358 (CFD) |
| GAUTHIER, WARREN RUDDLESDEN, | : | |
| WILLIAM ZERONSA, and MICHAEL | : | |
| WHEELER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC, | : | |
| | : | |
| Defendant. | : | January 15, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Pfizer Inc ("Pfizer"), for its answer and affirmative defenses to plaintiffs' Amended Complaint, states as follows:

**I.    SUMMARY**

The statements set forth in plaintiffs' "Summary" require no response as they violate Fed.R.Civ.P. 8.  To the extent that the statements set forth in the "Summary" are construed to be in compliance with Fed. R.Civ.P. 8, Pfizer denies each statement except as specifically admitted in response to the numbered paragraphs set forth in plaintiff's Complaint.

**II.    JURISDICTION**

1.    Paragraph 1 states a legal conclusion to which no response is required.

### III. PARTIES

2. Pfizer admits the allegations of Paragraph 2, except avers that it acted in the capacity of a settlor, rather than as a fiduciary, in the design of the various voluntary separation plans referred to herein and in the selection of employees eligible to participate in such plans.

3. Pfizer admits the allegations of Paragraph 3.

4. Pfizer admits the allegations of Paragraph 4.

5. Pfizer admits the allegations of Paragraph 5.

6. Pfizer admits the allegations of Paragraph 6.

7. Pfizer admits the allegations of Paragraph 7, except denies that plaintiff Warren Ruddlesden held the title Process Technician at the time of his voluntary retirement.

8. Pfizer admits the allegations of Paragraph 8.

9. Pfizer admits the allegations of Paragraph 9.

10. Pfizer admits the allegations of Paragraph 10.

### IV. COUNT ONE

11. Pfizer admits that, in 1990, it adopted a vision for change at the Groton Plant called "Groton 2000." Pfizer further admits that Groton 2000 envisioned a manufacturing operation that would be more technologically advanced, more operationally flexible, more focused on high-margin products, and which would require

fewer workers. Pfizer denies the remaining allegations of Paragraph 11 to the extent that they are inconsistent with the foregoing.

12. Pfizer denies the allegations of the first three sentences of Paragraph 12 as stated. Pfizer admits that it implemented a voluntary separation program (VSP) in 1990, and that in 1990 it recognized the possibility that additional VSPs might be offered in the future. Pfizer denies that it adopted any ongoing plan and/or policy regarding VSPs in 1990. Pfizer denies the allegations of the fourth sentence of Paragraph 12.

13. Pfizer denies the allegations of the first sentence of Paragraph 13, and specifically denies that it at any time maintained a "de facto" employee welfare benefit plan. Pfizer admits that at various times it offered VSPs to Groton Plant employees of the type alleged in the second and third sentences of Paragraph 13, and that it offered such benefits as separate, distinct benefit plans in response to changing needs at its Groton Plant. Pfizer denies that such benefits were offered pursuant to a single, "de facto" benefit plan. Pfizer admits that its general corporate assets and its defined benefit plan provided the sources of funds for the VSPs offered to Groton Plant employees. Pfizer denies that all Groton Plant employees were "participants" in any VSPs. Pfizer admits that managers at the Groton Plant participated in the planning for, and implementation of, the VSPs, subject to corporate approval. Pfizer denies the remaining allegations of Paragraph 13 to the extent inconsistent with the foregoing.

14. Pfizer denies the allegations of Paragraph 14 as stated. Pfizer admits that it annually assessed the Groton Plant's production and staffing requirements to

determine whether its workforce should be reduced.  Pfizer further admits that, when Groton plant management determined that a VSP was needed in order to achieve efficient staffing levels, it requested corporate approval for a VSP.  Pfizer denies that VSPs at any time were offered solely to specific employees designated "surplus."  Pfizer denies the remaining allegations of Paragraph 14 to the extent inconsistent with the foregoing.

15.    Pfizer denies the allegations of Paragraph 15 as stated, but admits that it offered seven separate and distinct VSPs to Groton plant employees between 1990 and 2000.

16.    Pfizer denies the allegations of Paragraph 16.

17.    Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in the first and third sentences of Paragraph 17 and, therefore, leaves plaintiffs to their proof.  Pfizer admits that none of the plaintiffs was eligible for participation in any VSP offered between 1990 and 2000, but denies the remaining allegations of the second sentence of Paragraph 17.

18.    Pfizer denies the allegations of Paragraph 18.

19.    Pfizer denies the allegations of Paragraph 19 as stated.  Pfizer admits that it acted in a fiduciary capacity in its administration of the VSPs offered at the Groton Plant between 1990 and 2000.

20.    Pfizer denies the allegations of Paragraph 20.

21. Pfizer denies that plaintiffs at any time were participants in any VSP offered at the Groton Plant between 1990 and 2000, and denies that plaintiffs were entitled to any "administrative remedies." Pfizer admits that Pfizer has denied plaintiffs' request that they be allowed to participate in any VSP for which they were not eligible.

22. Pfizer denies the allegations of Paragraph 22.

23. Pfizer denies the allegations of Paragraph 23.

## IV.  [sic] COUNT TWO

24. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 24 and, therefore, leaves plaintiff to his proof.

25. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in the first two sentences of Paragraph 25 and, therefore, leaves plaintiff to his proof. Pfizer denies the allegations of the third sentence of paragraph 25.

26. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in the first two sentences of Paragraph 26 and, therefore, leaves plaintiff to his proof. Pfizer denies the allegations of the third sentence of paragraph 26.

27. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in the first two sentences of Paragraph 27 and,

therefore, leaves plaintiff to his proof.  Pfizer denies the allegations of the third sentence of paragraph 27.

28.   Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 28 and, therefore, leaves plaintiff to his proof.

29.   Pfizer denies the allegations of paragraph 29.

30.   Pfizer admits that it offered a voluntary separation package on or about October 1, 1999. Pfizer denies the remaining allegations of paragraph 30..

31.   Pfizer denies the allegations of paragraph 31.

.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Amended Complaint fails to state claims upon which relief may be granted.

### **Second Affirmative Defense**

ERISA does not authorize some or all of the relief sought by the plaintiffs in Count One of the Amended Complaint.

### **Third Affirmative Defense**

Plaintiffs were not eligible to participate in any VSP offered at the Groton Plant between 1995 and 2000.

**Fourth Affirmative Defense**

The Voluntary Separation Program at issue in Count Two was not under serious consideration by Pfizer on or before the date on which plaintiff William Hayden retired.

**Fifth Affirmative Defense**

Plaintiff William Hayden did not reasonably rely on any material misrepresentations by any Pfizer employee in making his retirement decision.

WHEREFORE, defendant Pfizer Inc prays that this Court enter judgment in its favor on all claims for relief asserted in plaintiffs' Amended Complaint, and that the Court award Pfizer its costs and attorneys' fees pursuant to 29 U.S.C. § 11132(g).

        THE DEFENDANT
        PFIZER INC

        _____
        Jonathan B. Orleans (ct05442)
        Douglas J. Varga (ct18885)

           Zeldes, Needle & Cooper, P.C.
           1000 Lafayette Boulevard
           P. O. Box 1740
           Bridgeport, CT  06601-1740
           Telephone:  (203) 333-9441
           Facsimile:  (203) 333-1489
           E-mail:  dvarga@znclaw.com

        Its Attorneys