UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PROVENCHER, ET AL. | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | |
| V. | : | 3:00 CV 2358 (CFD) |
| PFIZER, INC., | : | |
| Defendant. | : | FEBRUARY 25, 2004 |

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

IT IS HEREBY AGREED, BY AND BETWEEN THE PARTIES TO THIS ACTION, THAT:

1. "Confidential Information" means information which any party in good faith determines is entitled to protection as business information of a proprietary or confidential nature, or the disclosure of which would cause harassment, annoyance, embarrassment or oppression.

2. "Confidential Documents" means documents which contain Confidential Information, including writings, drawings, graphs, charts, photographs, videos, recordings, and other data compilations from which data can be obtained, which will be made available during the course of disclosure in this case by the Plaintiffs, Defendant, or any third party (hereinafter "Party" or "Parties"), or any parents, subsidiaries, divisions, branches, and/or affiliates of the Parties, and/or of other Parties added or substituted in this case.

3. "Confidential Material" shall mean Confidential Documents or Confidential Information.

4. A document (or portion of a document) that a Party maintains is or contains Confidential Material shall be identified by the disclosing Party as Confidential by (1) stamping or printing the word "CONFIDENTIAL" on the document, (2) making any other notation upon the document which a reasonable person would interpret as indicating that the disclosing Party intends to designate the material as confidential, or (3) using any other reasonable method agreed upon by the Parties. In the event a Party has designated any document as Confidential Material in any other litigation, any designation used upon the document to designate it as confidential in such other litigation shall constitute a designation as confidential in connection with documents produced under this Agreement. In the absence of such identification or indication, the material produced or revealed shall be deemed non-confidential and non-restricted.

5. By designating a document or information as Confidential Material, a Party represents that it has made a bona fide, good faith determination that the information is or the document contains Confidential Information.

6. A Party may, on the record of a deposition or by written notice to opposing counsel, not later than 30 days after receipt of the deposition transcript, designate any portion(s) of the deposition as "CONFIDENTIAL" if the party maintains that the portions so designated constitute Confidential Material. To the extent possible, any portions so designated shall be transcribed separately and marked by the reporter as "CONFIDENTIAL" and shall be provided by the reporter to the Parties only in a sealed envelope. Until expiration of the above 30-day period, all deposition transcripts and information therein will be deemed Confidential Material.

7. The production, inadvertent or otherwise, of any documents or otherwise protected Confidential Materials shall not be deemed a waiver or impairment of any claim of

confidentiality with regard to other documents, information, or materials. The producing Party may correct the inadvertent disclosure of Confidential Material by serving notice to the receiving Party that Confidential Materials have been inadvertently disclosed. Upon receipt of this notice, counsel for the receiving party shall mark the requested material "CONFIDENTIAL," and shall treat such material as "CONFIDENTIAL" pursuant to the provisions of this Agreement from the time of receipt of the notice.

8. A party shall not be obligated to challenge the propriety of the designation of Confidential Materials at the time of their designation and failure to do so shall not preclude a subsequent challenge to the designation.

9. No party concedes that any document designated by another Party as Confidential is in fact Confidential Information or a Confidential Document. Any party may move the Court in the pending action for a determination that material which the producing Party designates as Confidential Material does not qualify as such under the terms of this agreement. However, unless and until the Court shall make such determination and the time for any appeal or appeals of such order expires or, if any Party files one or more appeals, the appellate court or courts finally resolve such appeals, the receiving Party shall treat the material so designated as confidential under the terms of this Agreement.

10. This Agreement does not apply to the offer or admission into evidence of the Confidential Material or its contents at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any Party at the time of trial or evidentiary hearing.

11. The production of Confidential Material pursuant to this Agreement is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

12. A Party filing with the Court any Confidential Material in connection with proceedings in this action shall file such Confidential Material in a sealed envelope or other appropriate sealed container which shall state (i) the title and number of this action, (ii) a general description of the contents of the envelope, and (iii) the following statement:

CONFIDENTIAL
SUBJECT TO AGREEMENT

In accordance with the Parties' Agreement, this envelope shall be
held in confidence under seal and shall not be opened except by
Order of the Court.

Any material so designated shall be kept by the Clerk in a separate file from other pleadings in the matter and shall not be made available to anyone other than an attorney of record, without Order of the Court.

13. Confidential Material may be shown, disseminated, or disclosed only to the following persons:

(a) all attorneys of record for the Parties in the above-captioned matter, including members of their respective law firms, and any other attorney associated to assist in the preparation of this Case for trial;

(b) all employees of the Parties' counsel assisting in the preparation of the above-captioned matter for trial;

4

  (c) experts and consultants retained by the Parties for the preparation or trial of the above-captioned matter;

  (d) translators retained by the Parties for the preparation or trial of the above-captioned matter;

  (e) court reporters employed for depositions in connection with this matter;

  (f) the Court in connection with proceedings in this action; and

  (g) Parties and employees of Parties to this action.

14. Before the recipient of Confidential Material provides any Confidential Material to any person described in paragraphs 13 (c), (d), (e) and (g), the recipient shall advise such person of the terms of this Agreement, shall provide such person with a copy of this Agreement, and shall obtain a written agreement from such person that he or she is bound by the terms of the Agreement in the form attached hereto as Exhibit A.

15. The Parties shall not use or disclose the Confidential Material other than for the litigation of this action, including any pre-trial proceedings or motions, preparation for trial, trial and any appellate proceedings.

16. Counsel of record for each Party, at the time of the final termination of the above-captioned matter (including all pending appeals), shall direct any person described in paragraphs 13(a), (b), (c), (d), (e), or (g) who has received copies of Confidential Material(s) from or through such counsel of record to destroy such Confidential Material(s) or return the Confidential Material(s) to counsel of record for the producing Party.

17. In the event any non-party is called upon to produce information which it is entitled to maintain in confidence, such non-party may elect to become Party to the terms of this Agreement by serving a written notice of its election on counsel of record for each party. After service of such notice of election, this Agreement will be binding on such non-party.

18. This Agreement does not require production of work product materials and/or materials covered by the attorney-client privilege, which may continue to be withheld from discovery by any Party unless the Court orders otherwise.

19. This Agreement may be modified only upon further written stipulation of the Parties or upon motion for good cause shown.

20. A breach of any provision of this Agreement shall be subject to, among other things, sanctions, in the Court's discretion, as within or authorized by any statute, rule, or inherent power of the Court, or otherwise as provided by law.

21. Nothing in this Agreement shall preclude any modification of this Agreement by written agreement of the Parties, or shall preclude either Party from applying to the Court for an Order modifying this Agreement.

22. This Agreement shall survive and remain in full force and effect after the termination of this proceeding, whether by settlement or litigation.

PLAINTIFFS                                              DEFENDANT

By:_____                          By:_____
    Thomas G. Moukawsher (ct08940)                              Jonathan B. Orleans (ct05440)
    P.O. Box 966                                                 Douglas Varga (ct18885)
    328 Mitchell Street                                          1000 Lafayette Boulevard
    Groton, CT  06340                                            P.O. Box 1740
    (860) 445-1809                                               Bridgeport, CT  06601-1740
    (860) 446-8161 (fax)                                         (203) 333-9441
    tmoukawsher@mwlawgroup.com                                   (203) 333-1489 (fax)
                                                                 jorleans@znclaw.com
                                                                 dvarga@znclaw.com


SO ORDERED:


_____                         Dated:_____
William I. Garfinkel
U.S. Magistrate Judge

7

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RICHARD PROVENCHER, ET AL. | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | |
| V. | : | 3:00 CV 2358 (CFD) |
| PFIZER, INC., | : | |
| Defendant. | : | |

## CONFIDENTIALITY UNDERTAKING

I, _____, hereby acknowledge that I have read the Stipulated Confidentiality Agreement and Order entered by the Court in the above-captioned matter; that I am one of the persons contemplated in paragraph 13 thereof as authorized to receive Confidential Material; that I fully understand and agree to abide by the obligations and conditions of the Stipulated Confidentiality Agreement and Order; and that I will maintain any Confidential Material I receive in a separate and identifiable file, access to which will be appropriately restricted.

_____
(Signature)

_____
(Title or Position)

_____

Dated:_____        _____
                                (Address)

8