UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD PROVENCHER, ET AL. : | |
|     Plaintiffs, : | CIVIL ACTION NO.: |
| : | 3:00 CV 2358 (CFD) |
| V. : | |
| : | |
| PFIZER, INC., : | |
|     Defendant. : | APRIL 13, 2004 |

### PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

Plaintiffs in the above-captioned matter hereby respectfully move to compel and for sanctions against the defendant for its failure to comply with discovery requests. In support hereof, plaintiffs respectfully represent the following:

1. In their Second Set of Interrogatories and Requests for Production plaintiffs asked the following:

> 3. Identify the following individuals (or any individual with a virtually identical name), state, for each of them whether they were employed at Pfizer, Inc., their last job title and department while employed, whether they severed from Pfizer, Inc.'s employment, the date they severed, the nature of the severance (ie- retirement, etc.), whether they received a severance incentive upon severance, whether each such individual, subsequent to his severance, performed any services, directly or indirectly for Pfizer, Inc. and describe in detail the nature of such services and the terms and conditions under which they were rendered: Chester A. Moran, Jr., Lawrence F. Cochran, Gayla A. Savage, Donald L. Fernald or Fernault, Christopher M. Hnat, Ronald E.

Provencher, Carl O. Putnam, Michael R. Teague, Susan Seriani, John D. Miceli or Dennis Miceli, Phillip K. Henkin, Philip A. Twomey, Bernard J. Pisacich, Donald L. Cesarini, Donald B. Tennant, Sr., and Harris Deluty.
**ANSWER:**


4. Identify the following individuals (or any individual with a virtually identical name), state, for each of them, whether they were employed at Pfizer, Inc., their last job title and department, whether they severed from employment at Pfizer, Inc., whether they received a severance incentive upon severing, whether each such individual, subsequent to his severance, was replaced by a full time employee, and, if they were, identify the employee, his job title and department prior to (if applicable) and subsequent to the replacement: James E. Swenarton, Paul Kanfer, Sandra Orsini, James K. Gill, Gene F. Boiselle.
**ANSWER:**


2. In the Production requests that followed, plaintiffs sought:

2. All documents not previously produced and related to your answer to interrogatory number 1,2,3,4,6 <u>along with the job description and personnel file (as that term is defined under Conn. Gen. Stat. §31-128a) for each such Pfizer employee identified therein</u> (to the extent not previously produced).

(emphasis added).

3. Following its February 19, 2004 response (one month late based upon the Court's order) to plaintiffs discovery, Pfizer conceded its obligation to produce job descriptions and personnel files for those listed in interrogatories number 3 and 4 and made what it claimed were the files available for inspection on February 25, 2004.

4.      The inspection revealed, however, that the files were quite thin and did not contain job descriptions and many of the items that should be included under the definition set forth in Conn. Gen. Stat. §31-128a.[1]  On March 3, 2004 plaintiffs counsel informed defense counsel that none of the files included these kinds of documents, especially job descriptions.

5.      Pfizer's counsel responded by electronic mail on March 18, 2004 by stating "Pfizer does not maintain job descriptions in personnel files", a response reflecting that Pfizer has provided documents from what it considers a "personnel file" instead of providing the job descriptions requested and the documents covered by the broad statutory definition incorporated by reference.

6.      When challenged as to the propriety of this response and questioned as to whether responsive documents exist, Pfizer's counsel said a response from Pfizer should be received on April 6, 2004.  Despite repeated inquiry no such response has been received.

7.      The absence of the complete personnel files and job descriptions and Pfizer's failure to timely respond to discovery requests have delayed deposition discovery in the case and forced plaintiffs counsel to make repeated inquiry and

---

[1] Personnel file" is a term of art under the statute. It means "papers, documents and reports pertaining to a particular employee which are used or have been used by an employer to determine such employee's eligibility for employment, promotion, additional compensation, transfer, termination, disciplinary or other adverse personnel action including employee evaluations or reports relating to such employee's character, credit and work habits." Id.

to file this motion concerning a matter which Pfizer has conceded its obligation to respond.

WHEREFORE, plaintiffs respectfully move that Pfizer be compelled to produce the job descriptions and complete personnel files (as that term is defined under Conn. Gen. Stat. §31-128a) for each individual plaintiffs has sought the documents for and that Pfizer be ordered to pay for the costs of this motion.

>THE PLAINTIFFS
>
>By /s/ Thomas G. Moukawsher
>Thomas G. Moukawsher (ct08940)
>Moukawsher & Walsh, LLC
>328 Mitchell Street
>P.O. Box 966
>Groton, CT 06340
>(860) 445-1809

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

>Douglas Varga
>Zeldes, Needle & Cooper
>1000 Lafayette Boulevard
>Post Office Box 1740
>Bridgeport, CT 06601-1740

Dated this 13th day of April, 2004.

>/s/ Thomas G. Moukawsher
>Thomas G. Moukawsher