UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PROVENCHER, | : | Civil Action |
| RICHARD HALL, WILLIAM GARBATI, | : | |
| WILLIAM HAYDEN, GEORGE | : | No. 3:00 CV 2358 (CFD) |
| GAUTHIER, WARREN RUDDLESDEN, | : | |
| WILLIAM ZERONSA, and MICHAEL | : | |
| WHEELER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC, | : | |
| | : | |
| Defendant. | : | June 18, 2004 |

**OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

Defendant Pfizer Inc ("Pfizer") submits this memorandum in opposition to plaintiffs' Motion to Compel and for Sanctions dated April 13, 2004.

Plaintiffs' Motion to Compel addresses discovery requests seeking production of personnel file information and job descriptions for 22 current and former Pfizer employees.[1] As plaintiffs concede in their Motion, Pfizer responded to those discovery requests on February 19, 2004, and on February 25, 2004, plaintiffs' counsel reviewed those documents. Plaintiffs' counsel asked for copies of certain documents from those files. On March 1, 2004, Pfizer's counsel produced the requested copies.

---

[1] Plaintiffs served a total of four separate sets of interrogatories and production requests, which (among other things) sought similar information concerning a total of 90 current and former Pfizer employees. Pfizer has responded to each of those requests.

Between March 3 and March 30, 2004, Pfizer's counsel and plaintiffs' counsel engaged in a series of communications via email concerning plaintiffs' apparent belief that Pfizer possessed more documents than it had produced. On March 30, 2004, Pfizer's counsel advised plaintiffs' counsel that Pfizer had located no additional documents constituting "personnel files" or position descriptions other than those previously produced.

On April 6, 2004, plaintiffs' counsel suggested that he might proceed with a motion to compel. In response, Pfizer's counsel asked the following questions: "Before you file any motion, can you tell me the basis? If we can't locate documents, what more can we do?" Pfizer's counsel received no response to those inquiries; instead, plaintiffs filed their Motion to Compel on April 13, 2004.

Plaintiffs' Motion to Compel is based on the purported "absence of complete personnel files and job descriptions." Pfizer is well aware of plaintiffs' position on the breadth of the statutory definition of "personnel file." Pfizer also is aware of plaintiffs' contention that position descriptions should be produced regardless of whether they are maintained in files concerning individual employees. Pfizer has gone to great lengths to satisfy plaintiffs' desire for those documents, producing no less than 90 personnel files and approximately 237 pages of position descriptions spanning a 10-year time period. Pfizer has acknowledged its obligation to respond to these discovery requests and has

done so.  Pfizer simply cannot produce additional documents which either do not exist, or which have not been located despite exhaustive attempts to do so. [2]

The Motion to Compel requests "that Pfizer be compelled to produce job descriptions and complete personnel files (as that term is defined under Conn. Gen. Stat. §31-128a) for each individual plaintiffs have sought the documents for."  Pfizer did not file an immediate response to the Motion to Compel because it in fact had produced the job descriptions and complete personnel files requested and, therefore, assumed that the issues raised in that motion had been resolved.  Unfortunately, plaintiffs have refused to withdraw the Motion to Compel -- notwithstanding Pfizer's repeated assurance that all documents at issue in the Motion to Compel have been produced.  Under the circumstances, Pfizer submits that the Motion to Compel has no legitimate basis and must be denied.

---

[2] To date, Pfizer has produced approximately 9,000 pages of documents in this case.  This sum does not include thousands of pages of additional documents made available for inspection by plaintiffs' counsel.  Although it would seem to be unnecessary under the circumstances, if the Court deems it advisable, Pfizer will produce an affidavit from the Pfizer employee with primary responsibility for compiling the documents at issue to attest to the time and effort required to locate and produce the documents plaintiffs have requested in this matter.

WHEREFORE, defendant Pfizer Inc respectfully requests that this Court enter an order denying plaintiffs' Motion to Compel and for Sanctions in all respects. Pfizer has gone to great lengths to provide the documents and information addressed in plaintiff's Motion, and has done so.

Respectfully Submitted,

PFIZER INC

By:_____
    Douglas J. Varga (ct 18885)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Boulevard
        P. O. Box 1740
        Bridgeport, CT  06601-1740
        Telephone:  (203) 333-9441
        Facsimile:  (203) 333-1489
        E-mail:  dvarga@znclaw.com

Its Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>   Thomas G. Moukawsher, Esq.
>   Moukawsher & Walsh, LLC
>   328 Mitchell Street
>   P.O. Box 966
>   Groton, CT 06340

Dated at Bridgeport, Connecticut this 18th day of June, 2004.

>   _____
>   Douglas J. Varga