UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD PROVENCHER, RICHARD HALL, WILLIAM GARBATI, WILLIAM HAYDEN, GEORGE GAUTHIER, WARREN RUDDLESDEN, WILLIAM ZERONSA, and MICHAEL WHEELER, | Civil Action<br><br>No. 3:00 CV 2358 (CFD) |
| Plaintiffs, | |
| v. | |
| PFIZER INC, | |
| Defendant. | December 22, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Pfizer Inc ("Pfizer"), for its answer and affirmative defenses to plaintiffs' Second Amended Complaint dated September 27, 2004, states as follows:

#### I.   SUMMARY

The statements set forth in plaintiffs' "Summary" require no response as they violate Fed.R.Civ.P. 8. To the extent that the statements set forth in the "Summary" are construed to be in compliance with Fed. R.Civ.P. 8, Pfizer denies each statement except as specifically admitted in its response to the numbered paragraphs set forth in plaintiffs' Second Amended Complaint.

#### II.   JURISDICTION

1. Paragraph 1 states a legal conclusion to which no response is required.

### III. PARTIES

2. Pfizer admits the allegations of Paragraph 2, but states that it acted in the capacity of a settlor, rather than as a fiduciary, in the design of the various voluntary separation plans referred to herein and in the selection of employees eligible to participate in such plans.

3. Pfizer admits the allegations of Paragraph 3.

4. Pfizer admits the allegations of Paragraph 4.

5. Pfizer admits the allegations of Paragraph 5.

6. Pfizer admits the allegations of Paragraph 6.

7. Pfizer admits the allegations of Paragraph 7, except denies that plaintiff Warren Ruddlesden held the title Process Technician at the time of his voluntary retirement.

8. Pfizer admits the allegations of Paragraph 8.

9. Pfizer admits the allegations of Paragraph 9.

### IV. COUNT ONE

10. Pfizer admits that, in 1990, it adopted a vision for change at the Groton Plant called "Groton 2000." Pfizer further admits that Groton 2000 envisioned a manufacturing operation that would be more technologically advanced, more operationally flexible, more focused on high-margin products, and which would require fewer workers. Pfizer denies the remaining allegations of Paragraph 10 to the extent that they are inconsistent with its answer.

11. Pfizer denies the allegations of the first three sentences of Paragraph 11 as stated. Pfizer admits that it implemented a voluntary separation program (VSP) in 1990, and that in 1990 it recognized the possibility that additional VSPs might be offered in the future. Pfizer denies that it adopted any ongoing plan and/or policy regarding VSPs in 1990. Pfizer denies the allegations of the fourth sentence of Paragraph 11.

12. Pfizer denies the allegations of the first sentence of Paragraph 12, and specifically denies that it at any time maintained a "de facto" employee welfare benefit plan. Pfizer admits that at various times it offered VSPs to Groton Plant employees of the type alleged in the second and third sentences of Paragraph 12, and that it offered such benefits as separate, distinct benefit plans in response to changing needs at its Groton Plant. Pfizer denies that such benefits were offered pursuant to a single, "de facto" benefit plan. Pfizer admits that its general corporate assets and its defined benefit plan provided the sources of funds for the VSPs offered to Groton Plant employees. Pfizer denies that all Groton Plant employees were "participants" in any VSPs. Pfizer admits that managers at the Groton Plant participated in the planning for, and implementation of, the VSPs, subject to division and corporate approval. Pfizer denies the remaining allegations of Paragraph 12 to the extent they are inconsistent with its answer.

13. Pfizer denies the allegations of Paragraph 13 as stated. Pfizer admits that it annually assessed the Groton Plant's production and staffing requirements to determine whether its workforce should be reduced. Pfizer further admits that, when

Groton plant management determined that a VSP was needed in order to achieve efficient staffing levels, it requested division and corporate approval for a VSP. Pfizer denies that VSPs at any time were offered solely to specific employees designated "surplus." Pfizer denies the remaining allegations of Paragraph 13 to the extent they are inconsistent with its answer.

14. Pfizer denies the allegations of Paragraph 14 as stated, but admits that it offered seven separate and distinct VSPs to Groton plant employees between 1990 and 2000.

15. Pfizer denies the allegations of Paragraph 15.

16. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in the first and third sentences of Paragraph 16 and, therefore, leaves plaintiffs to their proof. Pfizer admits that none of the plaintiffs was eligible for participation in any VSP offered between 1996 and 2000, but denies the remaining allegations of the second sentence of Paragraph 16.

17. Pfizer denies the allegations of Paragraph 17, including the allegations of sub-paragraphs a. through c.

18. Pfizer denies the allegations of Paragraph 18 as stated. Pfizer admits that it acted in a fiduciary capacity in its administration of the VSPs offered at the Groton Plant between 1996 and 2000.

19. Pfizer denies the allegations of Paragraph 19.

20. Pfizer denies that plaintiffs at any time were participants in any VSP offered at the Groton Plant between 1996 and 2000, and denies that plaintiffs were entitled to any "administrative remedies." Pfizer admits that Pfizer has denied plaintiffs' request that they be allowed to participate in any VSP for which they were not eligible.

21. Pfizer denies the allegations of Paragraph 21.

22. Pfizer denies the allegations of Paragraph 22.

### IV. [sic] COUNT TWO

23. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 23 and, therefore, leaves plaintiff to his proof.

24. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of the first and second sentences of Paragraph 24 and, therefore, leaves plaintiff to his proof. Pfizer denies the allegations of the third sentence of Paragraph 24.

25. Pfizer admits the allegations of the first sentence of Paragraph 25. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of the second sentence of Paragraph 25 and, therefore, leaves plaintiff to his proof. Pfizer denies the allegations of the third sentence of Paragraph 25.

26. Pfizer admits the allegations of the first sentence of Paragraph 26. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of

the allegations of the second sentence of Paragraph 26 and, therefore, leaves plaintiff to his proof. Pfizer denies the allegations of the third sentence of Paragraph 26.

27. Pfizer lacks knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 27 and, therefore, leaves plaintiff to his proof.

28. Pfizer denies the allegations of Paragraph 28.

29. Pfizer admits that it announced a voluntary separation package on or about October 29, 1999. Pfizer denies the remaining allegations of Paragraph 29.

30. Pfizer denies the allegations of Paragraph 30.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state claims upon which relief may be granted.

### Second Affirmative Defense

ERISA does not authorize some or all of the relief plaintiffs seek in Count One of the Second Amended Complaint.

### Third Affirmative Defense

Plaintiffs may not obtain relief under ERISA § 502(a)(3) for the claims asserted in Count One of the Second Amended Complaint because plaintiffs' remedy, if any, lies in ERISA § 502(a)(1)(B).

**Fourth Affirmative Defense**

The Voluntary Separation Program at issue in Count Two was not under serious consideration by Pfizer on or before the date on which plaintiff William Hayden retired.

**Fifth Affirmative Defense**

Plaintiff William Hayden did not reasonably rely on any material misrepresentations by any Pfizer employee in making his retirement decision.

WHEREFORE, defendant Pfizer Inc denies that plaintiffs are entitled to benefits under any voluntary separation program or any legal or equitable relief whatsoever, and respectfully prays that this Court enter judgment in its favor on all claims for relief asserted in plaintiffs' Second Amended Complaint, and that the Court award Pfizer its costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g).

DEFENDANT
PFIZER INC

By: _____
Douglas J. Varga (ct18885)

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
P.O. Box 1747
Bridgeport, CT 06601-1747
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
Email: dvarga@znclaw.com

Its Attorneys

8

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

> Thomas G. Moukawsher, Esq.
> Moukawsher & Walsh, LLC
> 328 Mitchell Street
> P.O. Box 966
> Groton, CT 06340

Dated at Bridgeport, Connecticut this 22nd day of December, 2004.

_____
Douglas J. Varga