UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD PROVENCHER, ET AL.
    Plaintiffs,  :  CIVIL ACTION NO.:
                        :  3:00 CV 2358 (CFD)
V.

PFIZER, INC.,
         Defendant.  :  MAY 27, 2005

## PLAINTIFFS' MEMORANDUM RE: SUPPLEMENTAL AUTHORITY IN OPPOSITION TO SUMMARY JUDGMENT

The plaintiffs attach as supplemental authority opposing Pfizer's motion for summary judgment *Wagener v. SBC Pension Benefit Plan*, 2005 U.S. App. LEXIS 8671(D.C. Circuit May 17, 2005)(Exhibit A). The Plaintiffs offer *Wagener* as supplemental authority because it supports their claim under ERISA §502 (a)(1)(B) that a plan administrator "does not have the authority to discriminate between similarly situated Plan participants." *Id.* at *26. In *Wagener* the terms of an enhanced pension program required the plan administrator to treat the plaintiffs in that case the same way as certain other plan participants when calculating the benefits due to them under the program. *Id.* at *8-*12. Specifically, the company had consistently calculated program benefits to include all pay periods as part of "Annual Compensation" in the year they were earned, not the year they were received, but the company refused to apply the same criteria to the plaintiffs.

*Id.* The Court held that, if this occurred, this inconsistent treatment violated ERISA §502 (a)(1)(B):

> As explained below, if we accept plaintiffs' allegations as true, it is clear that the officials responsible for administering the Plan construed the Plan in a manner that discriminated against plaintiffs in violation of the Plan's plain terms. An interpretation of the Plan that rests on impermissible discrimination is clearly unreasonable and, therefore, it fails whether we apply *de novo* review or a deferential standard of review.

*Id.* at *20. Under ERISA, the application of plan terms plainly has to be uniform. Even when granted discretion, plan administrators who treat similarly situated employees differently violate the plan terms. In the present case this means the word "excess" can't mean one thing for one employee and something different for another. The Court should reject Pfizer's claim that the judiciary is powerless to restrain the company from administering its Severance Program with bias and dishonesty. Accordingly, the Court should deny Pfizer's motion for summary judgment.

THE PLAINTIFFS

By_____
Thomas G. Moukawsher (ct08940)
Moukawsher & Walsh, LLC
21 Oak Street
Suite 209
Hartford, CT 06106
(860) 278-7000

2