UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD PROVENCHER, ET AL. : | |
|     Plaintiffs, : | CIVIL ACTION NO.: |
| : | 3:00 CV 2358 (CFD) |
| V. : | |
| : | |
| PFIZER, INC., : | |
|     Defendant. : | JUNE 13, 2005 |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
OBJECTION TO PFIZER'S
MOTION TO STRIKE DECLARATIONS

**1. Introduction.**

With broad, sloppy strokes Pfizer tries to paint a false picture of the plaintiffs' declarations as riddled with speculation, hearsay, and contradiction. Because the picture and the declarations do not resemble each other in the least, the Court should deny Pfizer's motion to strike the declarations.

**2. Lack of Personal Knowledge.**

Pfizer claims that the plaintiffs' do not have personal knowledge of some of the things they say in their declarations. First, Pfizer complains that Richard Hall and William Garbati say that Pfizer human resources official Ronald Provencher and Lab Techs Chet Moran, Gayla Savage and Chris Hnat got severance packages. Pfizer says the Court should not consider these statements because Hall and Garbati admit they never talked to these former employees or because they

testified that the only Pfizer employee they talked to about this issue was a co-worker named Clyde Callejo. Pfizer does little more here than demonstrate that its lawyers know how to confuse laymen into believing that the only way to gather admissible evidence of an event happening is by talking with the participants. Pfizer ignores that regardless of whether Hall and Garbati spoke with any of the individuals, they have given the Court copies of Pfizer's own records to prove that these people got severance packages when Hall and Garbati say they did.[1] Hall and Garbati do not need to prove they spoke with each of these people to say they know they got severance packages. They have given the Court documents that prove their declarations aren't based on hearsay.

Next Pfizer says that plaintiff Hayden should not be allowed to testify that he would have been eligible to participate in a severance plan because he "would" have been transferred if he did not retire. Pfizer apparently believes this statement is baseless conjecture. The company ignores, however, that's not all Hayden said on the subject. Hayden said he would have been transferred because a company official told him that would happen and because his so-called

---

[1] See e.g. Exhibits 35, 36 (exhibit references are to summary judgment exhibits); Exhibit "18" (Pfizer's 2/2/04 Supplemental Responses to First Set of Interrogatories: Interrogatory #5); Exhibit "21" (Pfizer's 2/19/04 Responses to Second Set of Interrogatories: Chart 3). Incredibly, Pfizer still seems to deny these individuals got severance packages even though papers from the individuals' personnel files show they did. Motion to Strike at 14. Factual disputes like this only reinforce how inappropriate it would be for the Court to give Pfizer a summary judgment.

2

"replacement" was transferred precisely as the official predicted.[2] Hayden was not merely speculating.[3]

### 3. Hearsay.

Pfizer next claims that Hayden cannot testify as to what his supervisor Joseph Meo said about the manpower needs of the department he supervised and what Hayden's later supervisor, Carl Schneider, said about the company's plan to transfer him to another department.[4] While according to Pfizer these statements are hearsay, according to F.R.E. §801 (d)(2)(D) they aren't:

> **(d) Statements which are not hearsay.** A statement is not hearsay if --
>
> **(2) Admission by party opponent.** The statement is offered against a party and is… (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship.[5]

What Pfizer supervisor's say about their own departments and the employees in that department is obviously covered by Section 801 (d)(2)(D). Such statements are not hearsay.

### 4. Prior Inconsistent Statements.

Pfizer offers no authority for its claim that the Court may strike declarations contradicting deposition testimony. As Pfizer admits in its memo, the question

---

[2] Plaintiffs' Summary Judgment Memo at 28, 33-34.
[3] Also neither Hayden nor any of the other plaintiffs were merely speculating about the Pfizer employees who came back as "consultants" after getting severance packages. Their claims are based on Pfizer's own documents. *Id*. at 12.
[4] Pfizer Memo at 16. See Plaintiffs' Summary Judgment Memo at 24-25, 28.
[5] *Id.*

3

with declarations that contradict deposition testimony is what weight to give them, not whether they should be stricken from the record in the case. Nevertheless, to the extent Pfizer argues here that some of the plaintiffs contradicted their depositions, it is wrong.

Pfizer is pleased that it tripped up plaintiff Hall with the varying meanings used in the case of "surplus" or "excess" employees.[6] The plaintiffs have argued that if some of the people who got severance packages were "excess" then, by the same token, the similarly situated plaintiffs must be as well – thus in some ways the term "excess" applies to employees who really are excess as well as employees who aren't. Pfizer merely takes advantage of this dual meaning to make Hall look like he is contradicting himself. This amounts to cheap word play. The other two alleged contradictions Pfizer points to are no more significant. The plaintiffs suggest that the Court – unlike Pfizer– view the statements in the context in which they were given and accord them whatever weight it deems appropriate.

**Conclusion**

The Court should deny Pfizer's motion to strike the plaintiffs' declarations.

---

[6] Pfizer Memo at 17.

THE PLAINTIFFS

By /s/ Thomas G. Moukawsher
Thomas G. Moukawsher (ct08940)
Moukawsher & Walsh, LLC
21 Oak Street
Suite 209
Hartford, CT 06106
(860) 278-7000

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

Douglas Varga
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Post Office Box 1740
Bridgeport, CT 06601-1740

Dated this 13th day of June, 2005.

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher

5